IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IVAN GARCIA OLIVER, | ) | No. C 09-4666 MMC (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) ) | |
| LAKE COUNTY JAIL, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

On October 1, 2009, plaintiff, a California prisoner incarcerated at the Lake County Jail and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

In his complaint, plaintiff makes the following allegations:

> On 12-12-08 I released my corrective eye wear to Cathleen Ferran my son's mother so that they be repaired givin the fact that they were broke beyoend repair and the prescription is more that four years old so the optomitrist was unable to issue a new pair. I had adressed this medical problem to the Jails Administration officials and Medical Staff through the jails grievance prossess and appeal forms to no avail the Jail has shown complete disregard and deliberate indiferance towards my current medical problem. The jail does not want to treat or provide me with the proper assistance.

(Compl. at 3:10-22.)

For relief, plaintiff asks that all transportation and other fees be paid in connection with his being issued new prescription corrective eyewear by jail officials. (Compl. at 3:26-4:4.)

The Court liberally construes plaintiff's allegations as an attempt to plead a claim for deliberate indifference to his serious medical needs. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[1]  See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious"

---

[1] It is unclear from the allegations in the complaint whether plaintiff was a pretrial detainee or convicted prisoner at the time he filed the instant complaint. Claims by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, the Ninth Circuit applies the Eighth Amendment standard of review to pretrial detainees' claims, including claims of inadequate medical care. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996).

1 medical need exists if the failure to treat a prisoner's condition could result in further
2 significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v.
3 Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he knows a prisoner
4 faces a substantial risk of serious harm and disregards that risk by failing to take reasonable
5 steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

6 Here, plaintiff's claim is subject to dismissal as he has failed to provide sufficient
7 information for the Court to determine whether a cognizable claim for relief is stated. In
8 particular, plaintiff has not alleged facts that support an inference of serious medical injury
9 resulting from the actions of jail staff, nor has he linked to his allegations the individuals
10 allegedly responsible for his injuries or alleged any facts that show those individuals denied
11 him assistance knowing he faced a substantial risk of serious harm. Without such
12 information, plaintiff's claim cannot proceed and the complaint is subject to dismissal.
13 Plaintiff may, however, file an amended complaint if he can in good faith allege facts, subject
14 to proof, that cure the pleading deficiencies noted above.

## CONCLUSION

16 For the reasons stated above, the Court orders as follows:

17 1. The complaint is hereby DISMISSED with leave to amend. Within **thirty (30)**
18 days of the date this Order is filed, plaintiff may file an AMENDED COMPLAINT, **using**
19 **the court's form civil rights complaint**, a copy of which is provided herewith, in order to
20 cure the deficiencies noted above. Plaintiff shall complete the form, and include in the
21 caption both the case number of this action, No. C 09-4666 MMC (PR), and the phrase
22 "AMENDED COMPLAINT."

23 An amended complaint supersedes the initial complaint and may not incorporate by
24 reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811,
25 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer
26 defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern
27 actions filed by pro se litigants as well as litigants represented by counsel. See King v.
28 Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: January 27, 2010

_____
MAXINE M. CHESNEY
United States District Judge