**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GARCIA OLIVER, ) | No. C 09-4666 MMC (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL;** |
| ) | **DIRECTIONS TO CLERK** |
| v. ) | |
| LAKE COUNTY JAIL, et al., ) | |
| Defendants. ) | |
| _____ ) | |

On October 1, 2009, plaintiff, a California prisoner incarcerated at the Lake County Jail and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Upon initial review of the complaint, the Court liberally construed plaintiff's allegations that jail officials were denying him new prescription corrective eyeglasses as an attempt to plead a claim for deliberate indifference to his serious medical needs. The Court, however, concluded that the complaint was subject to dismissal because plaintiff had failed to provide sufficient information for the Court to determine whether a cognizable claim for relief was stated. Consequently, the Court dismissed the complaint with leave to amend. (See Order filed Jan. 27, 2010 at 2:16-3:14.)

//
//

Plaintiff timely filed an amended complaint.[1] Having reviewed the allegations therein, the Court concludes that the instant action must be dismissed, as plaintiff did not exhaust his administrative remedies prior to filing suit.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under § 1997(e)(a) is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if he fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (holding where administrative remedies are not exhausted before prisoner sends complaint to court, complaint will be dismissed even if exhaustion is completed by time complaint is actually filed).

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th

---

[1] The district court received the above-referenced amended complaint on February 8, 2010. It was not filed as such, however, because another form complaint had been received from plaintiff on February 4, 2010, which complaint the Court concluded was the intended amended complaint in this matter. (Docket No. 8.) Upon closer review, however, it appears that the complaint received on February 4 was not intended by plaintiff to be filed as the amended complaint in the instant action. Accordingly, the Clerk is hereby DIRECTED (1) to remove that document from the docket in the instant action and file it, together with the in forma pauperis application that was filed on February 4 (Docket No. 9), as a new and separate action, and (2) file and docket the document received on February 8 as the amended complaint herein.

Cir. 2003). The court may dismiss a complaint for failure to exhaust where the prisoner has "conceded nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

The California Code of Regulations provides that each administrator of a local detention facility shall implement an administrative appeals process for the resolution of inmate grievances "relating to any conditions of confinement, included [sic] but not limited to: medical care; classification actions; disciplinary actions; program participation; telephone, mail, and visiting procedures; and food, clothing, and bedding." Cal. Code. Regs. tit. 15 § 1073(a). The administrative appeals process shall include: a grievance form or instructions for registering a grievance, resolution of the grievance at the lowest appropriate staff level, appeal to the next level of review, written reasons for denial of the grievance, provisions for response to the grievance within a reasonable time limit, and provisions for resolving questions of jurisdiction within the facility. Id. § 1073(a)(1)-(5).

In his amended complaint, plaintiff concedes there is a grievance procedure at the Lake County Jail. He further concedes that: on September 23, 2009, only three days before he mailed his original complaint to the court for filing, he filed with the Lake County Jail his first administrative appeal requesting prescription corrective eyeglasses; he thereafter received non-prescription reading glasses; he did not submit a formal appeal to the next level of review until November 3, 2009, more than one month after the instant action was opened; and, as of the date he signed his amended complaint, January 31, 2010, he had not received a response to that appeal. Thus, it is clear from the face of the amended complaint that plaintiff had not exhausted his administrative remedies when he filed the instant action. (See amended form complaint at 2:1-12 & attached pleadings at § II(C).)

Section 42 U.S.C. § 1997e(a) requires a prisoner-plaintiff to present his claims to each available level of administrative review before raising those claims in a § 1983 complaint in federal court. Here, it is clear from the face of the amended complaint that plaintiff did not exhaust his administrative remedies with respect to his medical claim before filing the instant action. Further, there is nothing in the amended complaint that would support a finding that an exception to the exhaustion requirement applies. Consequently, plaintiff may not proceed

with his claim in the instant action.

Accordingly, the above-titled action is hereby DISMISSED, without prejudice to plaintiff's refiling his claims in a new action after all available administrative remedies have been exhausted.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 2, 2010

                                   MAXINE M. CHESNEY
                                   United States District Judge